IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 19–CV–00303–JPG–GCS

AARON C. MCINTOSH,
Defendant.

**JUDGMENT DECREE & ORDER**
**DIRECTING SALE OF MORTGAGED PROPERTY**

This is a foreclosure of a mortgage of residential real estate. Before the Court is the Government's Motion for Default Judgment against Defendant Aaron C. McIntosh. Having reviewed the Government's Complaint and the Clerk of Court's Default Entry, the Court finds the following:

1. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1345. Defendant was properly served and failed to timely plead or defend. Accordingly, Defendant was ordered defaulted.

2. The Government, acting through the United States Department of Agriculture, Rural Development (formerly, "Farmers Home Administration"), made a loan to Defendant, secured by a mortgage dated December 24, 2008, (Compl. Ex. A), in the total principal amount of $101,750.00. The mortgage was recorded on December 29, 2008, in Mortgage Record Doc. No. 2008R07779, Clinton County, Illinois. That loan is evidenced by a promissory note dated December 24, 2008. (Compl. Ex. B). Defendant defaulted on the note. On April 7, 2015, the Government, acting through the United States Department of Agriculture, Rural Development, issued a notice of acceleration. (Compl. Ex. C).

3. The name of a person that may have claimed an interest in the above-described property (but who is precluded from asserting his claim, if any, because of his default in this action) is Aaron C. McIntosh.

4. By virtue of the mortgage and indebtedness thereby secured, the Government has a valid and subsisting lien on the following property:

Common address: 1710 Livingston Street, Carlyle, Illinois 62231

Lot One (1) in Block Thirty-seven, of Upper Carlyle, Clinton County, Illinois

Property ID# 08–07–13–418–010

5. By virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, the following is due to the Government:

(a) For its own use and benefit for the costs of this suit and for:

| | |
|---|---:|
| U.S. Attorney's docket and recording fees | $ 450.00 |
| U.S. Marshal's costs for service of summons | $ 189.88 |
| Escrow/impound required | $ 896.69 |
| Late charges | $ 307.58 |
| Interest on fees | $ 2,630.82 |
| Title expenses | $ 1,037.00 |
| Escrow expenses | $ 19,161.18 |
| TOTAL | $ 24,673.15 |

(b) For the use and benefit of the Government, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

| | |
|---|---:|
| Unpaid principal balance | $ 94,926.31 |
| Accrued interest at $16.9534 per day due and unpaid as of July 31, 2019 | $ 28,587.08 |
| TOTAL | $ 123,513.39 |
| COMBINED TOTAL due to the Government as of July 31, 2019, including costs detailed in 5(a) | $148,186.54 |

(c) Additionally, the Government may be compelled to advance various sums of

money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including (but not limited to) the following: the generality of the foregoing; filing fees; stenographer's fees; witness fees; costs of publication; costs of procuring and preparing documentary evidence; and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

(d) Under the terms of the mortgage, all such advances, costs, and other fees, expenses, and disbursements are made a lien upon the mortgaged real estate. The Government is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage or, if no rate is provided therein, at the statutory judgment rate from the date on which such advances are made.

(e) In order to protect the lien of the mortgage, it may or has become necessary for the Government to pay taxes and assessments that were or may be levied upon the mortgaged real estate.

(f) In order to protect and preserve the mortgaged real estate, it may also become necessary for the Government to make such repairs to the real estate as may reasonably be deemed for its preservation.

(g) Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such money is advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6. Clinton County, Illinois, has a valid lien on the above-described property for tax for the year 2018. The property will be sold subject to the interest of Clinton County resulting from taxes, general or special, that are a valid lien against the above-described property.

**IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is entered against Defendant Aaron C. McIntosh for $148,186.54. Unless Defendant or his assigns and successors-in-interest to the above-described property pay the Government, acting through the United States Department of Agriculture, Rural Development (formerly, "Farmers Home Administration"), within three days from the date of this Decree the sum of $148,186.54 with attorney's fees and court costs with lawful interest to be computed from this date until paid, the real estate described in paragraph 4 of this decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Clinton County, Illinois, by the

United States Marshal for the Southern District of Illinois at the front door of the Clinton County Courthouse in the City of Carlyle, Illinois.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of the Government and against Defendant Aaron C. McIntosh. The real estate shall be sold free and clear of any claimed lien of Defendant.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this Judgment to be sold, by previously publishing the same once each week for three consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that the Government or Defendant may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale; and that said certificate of purchase shall be freely assignable by endorsement thereon.

The amount required to redeem shall consist of the combined total due as declared in paragraph 5(b), plus interest at the statutory rate and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor that is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILL. COMP. STAT. § 5/15–1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15–1602, or the date 60 days after the date this Judgment is entered, since the Court finds that: (1) the value of the mortgaged property as of the date of this Judgment is less than 90% of the amount due under 735 Ill. Comp. Stat. § 5/15-1603; and (2) the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage, 735 Ill. Comp. Stat. § 5/15–1603(b)(3).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal shall retain his disbursements and fees out of the proceeds of such sale, and out of the remainder of said proceeds he shall pay to the Government $148,186.54, together with lawful interest to be computed thereon to the date of this Judgment and any court costs of this action in its behalf. Said United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court. In case said property sells for a sum more than enough to make the aforesaid payments, then after making said payments he shall bring the surplus money to the Court without delay for further distribution by order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the mortgagor shall be entitled to retain possession of the above-described real estate from the date of entry of this Judgment through the 30th day after a foreclosure sale (conducted pursuant to this Judgment) is confirmed by this Court. After the 30th day, said foreclosure sale is confirmed, and the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of the said 30-day period. In the event of default, an order of ejectment shall issue.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that upon or after confirmation of sale, the person who conducted the sale (or the Court) shall execute a deed conveying title to the holder of the certificate of sale. The deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be proof of the facts recited and of such authority to execute the deed. Such deed, however, shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be enough to convey title. Such conveyance shall be a complete bar to all claims by the following: (1) the parties to the foreclosure; and (2) any non-record claimant that is given notice of the foreclosure as provided by statute.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that if the money arising from said sale shall be insufficient to pay sums due to the Government with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in the report.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court retains jurisdiction over the parties and the subject matter of this cause for the purpose of enforcing this Judgment. The United States Marshal shall report his actions at the premises to this Court at the earliest possible time.

**SO ORDERED.**

**Dated: Wednesday, October 9, 2019**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
